*1370 Appeal from an order of the Supreme Court, Erie County (Shirley Troutman, J.), entered May 28, 2015. The order, insofar as appealed from, denied in part the motion of defendant Buffalo Auto Rental, Inc., for summary judgment dismissing the complaint against it.
It is hereby ordered that the order so appealed from is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when her vehicle collided with a vehicle operated by defendant Yasmine H. Kirksey and owned by defendant Buffalo Auto Rental, Inc. (BAR). Kirksey did not have a driver’s license at the time of the accident. The vehicle operated by Kirksey had been rented by defendant Charlesetta Jones from BAR. Jones testified at her deposition that she had rented vehicles from BAR three or four times before the accident. Plaintiff commenced this action and alleged causes of action for negligence, negligent entrustment, and vicarious liability against BAR. With respect to the negligent entrustment cause of action, plaintiff alleged that BAR rented the vehicle to Jones and that BAR knew or should have known that the vehicle would be operated by drivers other than Jones, such as Kirksey, who did not have a driver’s license.
Plaintiff previously moved to strike the answer and affirmative defenses of BAR as they pertained to the cause of action for negligent entrustment or, in the alternative, to preclude BAR from offering evidence relevant to negligent entrustment, because of its spoliation of evidence. In a prior order, Supreme Court found that BAR was negligent in destroying its electronic records concerning any vehicle rentals to Jones or Kirksey, and ordered that BAR was precluded from introducing evidence of its electronic rental records with respect to Jones or Kirksey at trial, with the exception of an unsigned rental agreement between BAR and Jones involving the vehicle in the instant collision that BAR had already disclosed. The court further ordered that plaintiff was permitted to make an application at the time of trial for an adverse inference charge based on BAR’s failure to keep electronic records.
BAR moved for summary judgment dismissing the complaint against it, and plaintiff abandoned the negligence cause of action and withdrew the vicarious liability cause of action, leaving only the negligent entrustment cause of action. The court granted the motion in part by dismissing the vicarious liability cause of action and denied that part of the motion seeking dismissal of the negligent entrustment cause of action, and we *1371 now affirm. “The owner or possessor of a dangerous instrument is under a duty to entrust it to a responsible person whose use does not create an unreasonable risk of harm to others” (Hamilton v Beretta U.S.A. Corp., 96 NY2d 222, 236 [2001]; see Kelly v DiCerbo, 27 AD3d 1082, 1083 [2006]). “The duty may extend through successive, reasonably anticipated entrustees” (Hamilton, 96 NY2d at 237). “The tort of negligent entrustment is based on the degree of knowledge the supplier of a chattel has or should have concerning the entrustee’s propensity to use the chattel in an improper or dangerous fashion” (id. at 237; see Earsing v Nelson, 212 AD2d 66, 70 [1995]). To establish a negligent entrustment cause of action, a plaintiff must show that the defendant had “some special knowledge concerning a characteristic or condition peculiar to the [person to whom a particular chattel is given] which renders [that person’s] use of the chattel unreasonably dangerous” (Monette v Trummer, 105 AD3d 1328, 1330 [2013], affd 22 NY3d 944 [2013] [internal quotation marks omitted]; see Byrne v Collins, 11 AD3d 782, 784 [2010], lv denied 17 NY3d 702 [2011]). With respect to motor vehicles, an owner may be liable “if [it] had control over the vehicle and if [it] was negligent in entrusting [the vehicle] to one who [it] knew, or in the exercise of ordinary care should have known, was incompetent to operate [the vehicle]” (Bennett v Geblein, 71 AD2d 96, 98 [1979]).
Even assuming, arguendo, that BAR met its initial burden of establishing its entitlement to judgment as a matter of law with respect to the negligent entrustment cause of action, we conclude that plaintiff raised a triable issue of fact. We agree with plaintiff that Vlad Kats, the president of BAR, as well as Jones and Kirksey, “gave wildly differing testimon[y] [at their depositions] concerning all issues relevant to the negligent entrustment cause of action.” In the event they so testify at trial, such inconsistent testimony may warrant a falsus in uno charge {see generally DiPalma v State of New York, 90 AD3d 1659, 1660 [2011]). That conflicting evidence, together with the adverse inference to which plaintiff may be entitled at trial, raised a question of fact whether BAR had special knowledge that Kirksey would be driving the vehicle and doing so without a driver’s license.
We reject BAR’s contention that it cannot be held liable even if it knew that Kirksey would be driving the vehicle without a driver’s license. The fact that Kirksey did not possess a driver’s license is a factor to consider in determining whether BAR knew that Kirksey was incompetent to operate the vehicle {see Nolechek v Gesuale, 46 NY2d 332, 336-337, 340 [1978] [negli *1372 gent entrustment cause of action stated where the father purchased a motorcycle for his son who, inter alia, did not possess a license]; Cone v Williams [appeal No. 1], 182 AD2d 1102, 1102 [1992], lv denied 80 NY2d 758 [1992] [in support of the counterclaim for negligent entrustment, the defendants were allowed to elicit testimony from the father of the infant plaintiff that his son was not a licensed operator of the all-terrain vehicle]; Calhoun v Allen, 38 Misc 3d 171, 178-179 [2011] [car rental business failed to meet its burden because it failed to establish that the driver to whom it rented the vehicle had a valid driver’s license]; cf. Monette, 105 AD3d at 1330-1331 [the vehicle repair shop verified that the driver, inter alia, had a valid driver’s license]). While we agree with the dissent that “the absence or possession of a driver’s license is not relevant to the issue of negligence” in the operation of a motor vehicle (Huff v Rodriguez, 88 AD3d 1274, 1275 [2011], appeal dismissed 18 NY3d 869 [2012], lv denied 18 NY3d 919 [2012]), this is a negligent entrustment cause of action, where the issue does not concern the manner in which the accident occurred. Rather, the issue is whether BAR should have entrusted the vehicle to Kirksey in the first instance.
All concur except Peradotto and Carni, JJ., who dissent and vote to reverse the order insofar as appealed from in accordance with the following memorandum.